also known as Alfredo Lopez Gutierrez, appellant. Ms. Shekhar for the appellant, Mr. Pelletier for the appellate. May it please the court. This court should vacate upon its convictions because there is no subject matter jurisdiction over this prosecution. As a legal matter, the government is wrong that the MDLA grants a foreign nation the power only to grant or withhold blanket consent. Nothing in the text creates that limitation. And as this court held in Miranda, the entire purpose of the jurisdictional provision is to avoid friction between the United States and foreign nations by giving foreign nations the power to decide whether to cooperate with the United States. There's no reason that Congress would have wanted to limit this power in such an arbitrary way. As a factual matter, the certification couldn't be more clear, and the certification is conclusive proof. It does not grant blanket consent. Rather, it specifies the particular entities as to which enforcement is permitted, and that is the MISB, contraband associated with the MISB, and people on board the MISB, not appellant. So do you disagree with the proposition that the MISB is a vessel subject to the jurisdiction of the United States? Yes, for purposes of this prosecution, Your Honor. I think in a prosecution as to defendants for which Columbia granted consent to enforce United States law, as to them, the MISB would properly be deemed a vessel subject to the jurisdiction of the United States, but that's not the case in a prosecution against appellants because Columbia did not grant prosecution. Even though we have a certification? That's correct, Your Honor. I think the alternative argument that the government makes is that a foreign nation can grant consent only as to a vessel, but I don't think the MDLA requires that. I think, rather, there's nothing in the text that says that. Instead, it says that a vessel is deemed subject to the jurisdiction of the United States when a foreign nation grants consent to enforcement of United States law by the United States. It doesn't follow that by saying as to the vessel, and United States law is enforced against many categories of entities apart from a vessel. Well, the provision at issue is vessels subject to the jurisdiction of the United States. That's what this all falls under, and they explicitly said you have jurisdiction over the vessel MISB. Your debate is about whether people had to be on board or included people who are off the ship, but as to the vessel itself, it was quite explicit, and structurally isn't that how we have to read what they're talking about, the consent, given the heading? I don't think so, Your Honor. I think that the vessel is just a definitional hook that triggers an inquiry into subject matter jurisdiction in any particular case. I don't think it limits the substantive power of a foreign nation to decide whether to grant consent as to their particular entities or to deny consent as to particular entities. I think the government's argument would mean that even if Columbia said we forbid consent as to appellants, because as long as they consent to the vessel, that would nonetheless override their consent. But as the individuals, Columbia is in complete control by not extraditing people. I'm sorry, what? Columbia still has complete control to protect people, especially people who are not on the vessel at all, through the extradition process. So it seems to me that Congress here was addressing the vessel itself, and that is the precondition for jurisdiction. Again, I don't think that's right, Your Honor. I don't think the text creates that limitation. It doesn't say that Columbia can only consent or withhold consent as to the vessel. I think law is naturally enforced against appellants, and I don't think extradition— Is it essential to your argument that we hold that the vessel is not a vessel subject to jurisdiction in the United States? Assume that we read the statute as including this vessel. Does that mean that the Columbians have necessarily authorized the United States to have jurisdiction over people who never were on the vessel but conspired with respect to the vessel? I think what Your Honor is saying is in line with my argument, which is that if Columbia did not grant consent as to appellants— that the vessel is not a vessel subject to the jurisdiction of the United States. Could we hold that it is subject to the jurisdiction of the United States and still hold that the jurisdiction does not extend to alleged conspirators who were never on the vessel? I think it would be important for Your Honor— or it would not be in conflict with our argument or essential to our argument to say that the MISB is not a vessel subject to the jurisdiction of the United States in all cases, or in some cases. It is essential for our argument that you say that in our case— So if you lose that point, you've lost the case. I think that's right, Your Honor. At least on the jurisdictional issue. I'm sorry, what? On the jurisdictional issue. On the jurisdictional issue. You've still got a separate argument, but— You still have the other definitive issue. That's right, Your Honor. I did want to just reiterate, though, I think under Miranda, this Court explained that the focus of the jurisdictional provision is to avoid friction with foreign countries, and I don't see why Congress would have wanted to limit that to require nations to grant or issue blanket consent. I don't think extradition— But what about the point that Judge Millett raised, which is that there is a mechanism for the country to protect itself through the extradition process? I don't think extradition provides a mechanism here for several reasons. First, the indictment here alleged that appellants had already committed this crime, that is, that their boat was subject to the jurisdiction of the United States. So when Columbia granted extradition, it was effectively on the representation by the United States that Columbia had already consented. And so I don't think you can read their subsequent extradition as somehow being the consent within the meaning of the MDLEA. Also, I think subject matter jurisdiction needs to be established at the initiation of a case, and so I think a subsequent extradition can somehow supply or cure that jurisdictional defect. Also, for the reasons we described in our brief, I don't think extradition categorically can be the kind of consent contemplated by the MDLEA, and that's because— I'm not suggesting that extradition necessarily would constitute consent. I guess what I'm suggesting is that even if there's consent that's proved conclusively by certification of the Secretary of State, which is the language of the statute and as to which we do have a certification, that it still wouldn't mean that the country at issue couldn't protect its own interests because it could protect its interests by declining extradition. They could decline extradition. I think that's right, but I think there are different entities that— the judicial system that grants extradition pursuant to a treaty with the United States, I think that's very different from the kind of consent under the MDLEA, which I think is processed by the Navy. I'm not sure that those two entities are necessarily in communication with each other. Plus, I think the extradition treaty is premised on the idea that there is already a crime committed, so I think it would be very strange to somehow understand that to protect the nation's interests in the way that Congress intended the nation's interests be protected through the actual crime itself, through defining the crime itself. If I may, if the court has no further questions on jurisdiction, I would turn to the safety valve. Yeah. If the court concludes that there is jurisdiction here, appellants are entitled to a remand for resentencing because they're legally eligible for safety valve relief. Appellant's offense is under Section 960 for purposes of the safety valve. That's a natural reading of the statutory text because their offense is punished by 960 and also because 960- 960 is not what criminalizes the act, though. 960 does criminalize an element of the offense, which is the essential drug weight element for appellant's offense. So it does, in part, criminalize their conduct. In fact, in furtherance of that argument, at least you've got the point that both the indictment and the plea agreement and the judgment all reference 960 in determining the offense of conviction. That's correct, Your Honor, as is required. So I guess my question is would your argument mean then that a prosecution under 860 would be safety valve eligible also? No, Your Honor. 860 has an entirely separate punishment scheme. 860 says that, for example, the punishments of 841 are doubled and it slices and dices the punishment scheme in 841 to provide its own punishment scheme. That's entirely different than the MDLEA, which provides that the punishment scheme of 960 is wholesale applicable to appellant's offense. But it still incorporates 841, right? So, for example, if there's an indictment for a violation of 860, would that indictment, like the indictment in this case, also cross-reference 841? It would cross-reference 841. Appellant's primary argument is that our offense is punished under 960, and that's why it is an offense under 960. I don't think that that argument is applicable to convictions under 860. I don't think those are properly deemed punished under 841 for the reasons I just explained. And none of the cases addressing 841 and 860 suggest otherwise. Appellants or defendants in those cases argued that, for example, 860 was subject to safety valve relief because it was a greater offense than 841 or because it was simply a sentencing enhancement. Those are not appellant's arguments. And, again, I think that the punishment schemes in 860 and the MDLEA are sufficiently different that our argument would absolutely not extend that safety valve relief. So suppose you had an 860 statute that said, for example, that suppose it's 860 itself, so it's distribution near a school, and then it says the punishment shall be the punishment set forth in 841B. You think there's a dispositive distinction between a statute that says that and the statute that we have here? No, Your Honor. I think if it said that, if it said the punishment shall be effectively wholesale, what is provided in 841B, then I think. So the difference is it says twice? The difference is that it slices and dices the punishment scheme to create an entirely new punishment. But by saying twice? It says twice. I think it also provides, for example, that 841 would be the mandatory minimum unless there would be a higher minimum under 860. I think the supervised release term and the fine are also different. But suppose all it did was. . . I'm not saying this is necessarily wrong. I'm just wondering about the implications of your argument. So suppose you just had a statute that says take the punishments as set forth and pick your statute either 960B or 841B. The punishments for violation of this provision shall be twice. I think that that would not be eligible for safety valve relief. I think that would have been an intent by Congress to create a different penalty scheme. So I think there is a meaningful distinction between an offense that says that this is the punishment scheme entirely, effectively, and one that says here, take this punishment scheme and do some math and come up with a slightly different punishment scheme. That's correct. How important to your argument is it that the 960 factors here, the drug and the amount, are actual elements of the crime? I think that's an alternative reason why we're entitled to relief, but I think if this. . . Why isn't that? I mean, to the extent you're saying that that is together part of the crime of which they're convicted here, I'm just not sure why you say alternative. Why isn't the court, 960B here, as part of the elements of the crime of which they were convicted? I think that is absolutely a reason why we're entitled to relief. I think that even if the court were to define offense more narrowly or not see that as an element of the crime under the statutory definition of offense here, we would still be entitled to relief because of punishments. Well, do that be punished under Statute X, and then all Statute X added was if you've got three prior offenses or something. So imagine there's a 960C, and 960C says double the punishment if, or put in a minimum of 50 years if they have two prior felony convictions. In that situation, would that be different than the situation here where when they say punish under 960, they're actually adding additional elements, creating what Alene calls a distinct and aggravated crime. Would it be different? I'm sorry, I'm not sure I follow, Your Honor. Does it? What they said in Alene is that when you have things that are labeled sentencing factors, but in fact change the mandatory trigger or change the scope of a mandatory minimum, those become elements of the actual crime of offense. They are part of the crime. And as to those, so that's one category, that's 960B. If you have something that's going to affect their sentencing but is not an element of the crime, like prior convictions, would your position still be the same? Yes, Your Honor, because it would still be punishing our offense, although I would say I think that a prior conviction is still an element of the offense, even if it doesn't need to be approved to the jury under a special rule of the Supreme Court. But in either case, I think we would be entitled to safety valve relief as long as there is an eligible provision that provides the punishment for appellant's offense. I think they are eligible for relief. But I agree that it makes our argument even stronger, the fact that one of the essential elements of the offense is defined in 960. So can I just follow up on the way that 70506A is worded? It says a person violating Paragraph 1 shall be punished as provided in Section 960. If it says, shall be punished as provided in Section 960, except that the punishment shall be twice the punishment set forth therein, you would say then there's no safety valve eligibility? I would say that under the definition that under means punished by, that's right, we wouldn't be eligible for relief. But if it means defined by under, I agree with Judge Millett, that our offense would still be included because an essential element of the offense would be included. Yeah. I'd also point the court— Just to be clear, what is the answer to that question? Since you would still have to go over and adopt a couple elements out of 960B as elements of your crime, and then you'd come back to MDLEA and double it? So is the answer that that would be an offense under or not? I think it would be an offense under because if the court adopts— I thought you were saying that there would be no safety valve eligibility. I think it depends on the definition of under that this court adopts. If this court adopts the definition of under, that it at least includes offenses punished by, I don't think it would be punished by 960 in that case because it would double the punishment. But focusing instead on the definition that under means defined at least in part by, as long as there are elements in 960 that are part of a felon's offense, then yes, it would be eligible for safety valve relief. Okay, so let's take that second theory. As you're conceptualizing it, would that second theory also apply to 860? I think that that would apply to 860, correct. I think that may be why the court would—if the court is concerned about that and concerned about the case law regarding 860, I think that would recommend the former approach that an offense be understood to mean— I wanted to turn briefly to the statutory history and the congressional purpose here, which I think suggests that even if your honors think there's some ambiguity in the specific text that we're talking about for appellant's position, I think both those sources strongly suggest that Congress intended to offer appellants or people in appellant situations safety valve relief. There is a decades-long practice of punishing offenses in international waters no more harshly than offenses in domestic waters. And so regardless of 841 and 860, which I don't think have any similar statutory history, I think it's clear that there was no intent through the safety valve to deviate from that policy. I also think there's no basis to conclude that Congress intended to exempt MDLEA offenders of all people from safety valve relief when virtually every other drug offender is eligible. Thank you. The government. May it please the Court. John Pelletieri on behalf of the United States. I'll speak briefly about jurisdiction and then turn to the safety valve. Regarding jurisdiction, the MDLEA requires that the jurisdictional provisions of the MDLEA require that the United States have jurisdiction over a vessel. The statute uses the term vessel subject to the jurisdiction of the United States. The statute says that jurisdiction of the United States with respect to a vessel is not an element of the offense. And in defining the term vessel subject to the United States, the statute enumerates vessels with certain attributes, whether a vessel without nationality, a vessel in the customs order of the United States, or the provision in this case is a vessel registered to a foreign nation that consents to jurisdiction of the United States. It's undisputed in this case that Colombia consented to jurisdiction over the MISTI. That in itself is sufficient to establish subject matter jurisdiction under the MDLEA. That I think is the question I had. Is it automatic that that would necessarily include jurisdiction over persons who had never been on the vessel, who had done allegedly conspired but had not been on the vessel? Yes, there's subject matter jurisdiction. If a country under this provision consents to jurisdiction over a vessel, then there's subject matter jurisdiction in federal court for a prosecution under the MDLEA to individuals on board as well as conspirators who are not on board. And there are other mechanisms. What control does the government of Colombia here have over the scope of its agreement to jurisdiction? For example, if they said you have jurisdiction over the deck, but not cabin or anything underneath the boat, could they do that? Well, I think you'd have to— I'm sorry. Can they qualify it? Well, you'd have to evaluate whether their grant of jurisdiction applied to the vessel. Now, I guess what Your Honor is saying is a jurisdiction over a portion of a vessel, jurisdiction over the vessel. I think that's a harder—maybe a harder case. What if they said you have jurisdiction over the vessel, but over no Colombians? We would have subject matter jurisdiction in the United States under the MDLEA to prosecute the individuals. Now, there are other mechanisms to give effect to Colombia's desire for the United States not to prosecute individuals. There are diplomatic measures. There are— Where does the statute say that the consent cannot be qualified? That's just not how consent to what here is a waiver of sovereign immunity or sharing of sovereign immunity is ordinarily understood. I don't see anything in the statute that says it's all or nothing. Well, it's the language of the statute means consent with respect to a vessel, consent over a vessel. What the statute says is a—let's see. A vessel subject to the jurisdiction of the United States includes— and then it says, for example, a vessel registered in a foreign nation, if that nation has consented or waived objection to the enforcement of United States law by the United States. Is that the relevant language? Yes. So what if the nation says, all right, I consent to the enforcement of United States law by the United States to people who are on the top floor. I don't consent to the enforcement of United States law by the United States for people who are on the basement floor. Then don't you have a non-consent? I don't know if that—under those—under that hypothetical, there is a question whether Colombia or the country consented to jurisdiction over the vessel. There was no mention of the vessel. There's mention only of part of the vessel. They're saying I do consent to jurisdiction over the vessel in this— In part. In circumstance A, I don't consent to jurisdiction over the vessel in circumstance B. Why isn't that just—it's both. It's a consent with respect to what's within the scope of the consent. It's a non-consent with respect to that which is explicitly made without the consent. Well, I think that the way these operate is that the United States asks for consent over—with respect to a vessel. And that's what we ask when we communicate with foreign countries. We tell them when we negotiate agreements with foreign countries, we sit down with them and say this is how the MDLA works. We're going to come and ask for consent over a vessel, and then this is the jurisdiction of the United States. Well, I guess I just assume what would happen in that kind of situation then is that for our purposes, consent or waiver is proved conclusively by certification of the Secretary of State. So I would assume what would happen in that sort of situation is exactly along the lines of what you were suggesting. There would be a process, and then we would get a certification that would say. The certification would be that there is consent as to Circumstance A, and there's not consent as to Circumstance B. Is that not how it would work? As I understand the hypothetical, Circumstance A and B are not necessarily—are kind of different parts of the vessel, it sounds like. Yeah, or different nationalities of individuals, or you can pick how you define it. Right. If the country said you have consent over the vessel but not over individual A or B, then that's clear as far as we're concerned. Here we have the question of whether consent over the vessel, and I realize I'm going further than the fellow that asked me to, but we have the word the consent as related in the certification refers to the vessel, and it's silent as to anyone who has not been on the vessel. It's not the same as saying you don't have consent as to the person not on the vessel. It doesn't give consent. Why is it necessarily the case that the consent that this is a vessel, meaning that definition, gives the United States jurisdiction in another country with respect to actions by persons who are not on the vessel? Because this is just a matter of subject matter jurisdiction. Just a matter of subject matter jurisdiction. Well, Your Honor, there are other mechanisms, as we've discussed, to carve out various people, various types of prosecutions. But this provision of the carve-out, you have to get it in the jurisdiction. You have to have some. I'm wondering why it's automatically the case that jurisdiction over a vessel confers jurisdiction over someone who's never been on the vessel. Because that's the statute as written by Congress, and that's the only part of the statute that says that. What language? Well, it says jurisdiction of the United States with respect to a vessel. Yeah, of a vessel. Now, why is it automatic that jurisdiction over a vessel includes jurisdiction over a person who's never been on the vessel? Because the first inquiry, the subject matter jurisdiction inquiry, asks, is there jurisdiction over the vessel? Yeah, that's the first. That's the first. We get there. Congress did say that. Yes. But Congress is silent as to persons not on the vessel, isn't it? Then the question is, well, then once there's a vessel that's subject to the jurisdiction of the United States, the United States can prosecute for substantive violations of the MDLEA, and the MDLEA sets forth substantive violations against individuals on board the vessel and individuals that were not on board the vessel, conspirators who are maybe land-based. So there's the subject matter jurisdiction inquiry. And then once that trigger is – once the jurisdiction is triggered, then the United States can – But you're jumping right over when jurisdiction is triggered when we're asking the question, what happens when the government qualifies its consent? You're jumping right over. You're saying as long as they said boat, we can ignore any qualification they made as to people. That's what you're saying. That is the government's position. I get that, and I'm trying – but I don't see that in the text. And given sort of background principles of international sovereignty and comity, why would we read that into the statute when you can't point to any languages? Well, it's absolutely true that the statute promotes comity, but it's also true that the statute doesn't eliminate potential tension. And there are other mechanisms that are well-established to eliminate one. What are our background – oh, sorry. What are our background principles for construing a statute? You want us to construe the statute into international tension, you just said. You know, my understanding – It's worth construing it to avoid international tension. My understanding is that general international practice is that vessels that are in a sovereign's name are subject to that country's jurisdiction unless they consent to another country's jurisdiction over the vessel. It's conceived of in terms of vessels. That's my understanding of international practice and how it works. Well, is there an analog in law of nations, if it's law, with reference to jurisdiction over a vessel conferring jurisdiction over persons who have not been on that vessel? For example, law of nations has provided for centuries that piracy could be prosecuted to anyone who takes the vessel on the high seas. Has it been – and I don't know the answer to this question. I'm asking this as a legitimate question. Has it been the case that the United States and or other nations have prosecuted persons who were not part of the piracy per se and never been on the pirate vessel? Were they prosecuted by nations who took the pirate vessel? I don't know the answer to that question, Your Honor. Is there any other analog you know of where the United States or any other nation has exercised jurisdiction over persons in a foreign country who had never been in the United States and had not been on the vessel in the cases of special jurisdiction over a vessel? Your Honor, I think what we're getting into a little bit is personal jurisdiction and perhaps due process. No, I think we're getting into subject matter jurisdiction. Due process, I'm with you there, but I think we're talking about subject matter jurisdiction. Well, once there's subject matter jurisdiction, there's also a question of personal jurisdiction. Well, I thought Miranda and either of the people were on the vessel. Correct. Correct. And then Balestas, I believe, held that it's either Miranda or Balestas held that it's permissible to prosecute individuals who were not on the vessel who conspired with individuals on the vessel. Did you have a qualified grant waiver or grant of consent in those cases? I guess it is not qualified. That was not at issue in those cases, and it's really not the circumstance in this case. There was no qualification. All persons on board. I'm not sure it's silent when they add the words on board. That doesn't have meaning if we say that includes people who are not on board. The only way to give meaning to the words they use is to give meaning to the word on board. Well, I think it's silent with respect to people who are not on board. It's not silent if you add a qualification. If I say to my kids, you can have the car until 9, that's not silent. That's the way they can have it at 10. Do we know, by the way, that that's, in fact, the way that the consent was communicated? Because I thought that the relevant line in the certification, you have to deal with the person's on board part. There's no doubt about that. But for our purposes, the certification is conclusive. And the conclusion of the certification is, accordingly, the government of the United States determined that the GO-FAST vessel was subject to the jurisdiction of the United States. I would have assumed that if there's a situation in which the government of the United States, in dialogue with another country, was under the impression that the other country only consented to jurisdiction over the vessel in certain circumstances, then we'd get a certification that would say that, that would say, accordingly, the government of the United States determined that the GO-FAST vessel is subject to the jurisdiction of the United States for people on the first floor, but not for people on the second floor. Is that not what would happen? Well, the way that Article 16 works, because this is a vessel in Colombia under Colombia's flag, we negotiated with Colombia, Article 16, where consent by Colombia over jurisdiction is automatic. Consent to Colombia for jurisdiction by the United States is automatic when certain prerequisites are met. Those prerequisites, if they're present, automatically trigger consent to jurisdiction of the United States, and those prerequisites are the United States comes across a boat in Colombia's name in international waters that it has reason to believe it's engaging in trafficking, and Colombia has not initiated a prior criminal action. So if the United States is the first to initiate a criminal action, and it comes across a boat in Colombia's waters that's trafficking drugs, automatic consent under Article 16, the United States doesn't have to ask for consent, doesn't have to. In this case, we did happen to just go to the Colombian authorities and say, can you just confirm that we correctly understand that Article 16 is triggered here? We didn't even have to get anything by the State Department. The State Department certification says, yes, we certify that under Article 16, that was the understanding of the United States and Colombia, that the United States had jurisdiction here, and then it had surplusage, surplusage about persons on board and property on board. Well, under what authority do we read a certification language as surplusage? Surely you wouldn't call it surplusage if they were disputing all the contents on board. You'd go, no, they said it right there. Well, we'd be saying it was unnecessary. We'd be saying that Colombia consented to jurisdiction over the vessel and that anything else is just unnecessary, and we therefore had jurisdiction over it. What if it said that persons on board but not persons who are not on board? You would still say it's unnecessary? If they say, if Colombia says we have jurisdiction over the vessel, then it would be unnecessary because – No, but they don't. They say you do have jurisdiction over the vessel insofar as we're talking about people on the vessel. You don't have jurisdiction over the vessel insofar as we're talking about people who are not on the vessel. That potentially would be a much harder case. It's not this case. In our view, there was consent over the vessel and people not on the vessel at the very beginning through Article 16. If we thought that was this case, if we thought the on-board language was not surplusage, so we thought there was consent here, and they said, you have jurisdiction over this vessel as to people who are on board. I don't know that then that would be – because you're not saying you have jurisdiction over this vessel. I think we'd have to figure out, is that granting jurisdiction over the vessel when you're saying that you only have over certain parts of the vessel? And so it would really depend on the communication between Colombia and the United States. I think if Colombia were to say you have jurisdiction over the vessel but not people on board the vessel, then our view is that we do have subject matter jurisdiction over people on board the vessel. So it's your position that you just don't have or need subject matter jurisdiction over people? You only need subject matter jurisdiction over the vessel? Well, the subject matter jurisdiction under the statute doesn't pertain to people at all. It pertains to jurisdiction over the vessel. And then there are other provisions. So I'm asking, so the subject matter jurisdiction for the statute is just not required over people? Correct, Your Honor. Correct. As to the vessel. It still doesn't – that may be true, and the statute may best be read that way, but that doesn't tell us what happens in a situation in which the country gives you that don't give you an all-or-nothing proposition over the vessel. If they don't give you an all-or-nothing proposition over the vessel, for example, Your Honor said if you have the top floor but not the bottom floor, that's a question of whether we have jurisdiction over the vessel. It just seems to me the answer to that is yes for the parts where you do and no for the parts where you don't, and that's what's governing to us. As these things operate, as a practical matter, how these things actually move forward, we tell the country we're going to ask for jurisdiction over the vessel, and then you say you're interested. We're not interested in how things are practical. We're interested in what the law is, I'm saying. Yes, I think it's a – This is the way we do it. Therefore, we can keep doing it this way. It doesn't get you there. Well, I think it gives a background principle for how to understand the language in the statute. Well, how about – can I just ask you this final question, and then we can move to the safety of the vessel, and let's focus on other questions, which is there is this provision that says consent or waiver is proved conclusively by certification of the Secretary of State. Yes. Is it your assertion on behalf of the United States that that provision is operative here because there's the part of the certification that says, accordingly, the government determined that the GO-FAST vessel was subject to the jurisdiction? Yes, absolutely. That's our position. That by – it conclusively establishes that there is jurisdiction over the vessel, and that triggers subject matter jurisdiction. And so we have subject matter jurisdiction over individuals who are on board the vessel as well as co-conspirators who are not on board the vessel. Turning to the safety valve. The safety valve statute states that a district court can impose sentence below any otherwise applicable statutory mandatory minimum when sentencing a defendant for, quote, offenses under – and then it mentions – lists certain sections of Title 21, 841, 844, 846, 960, and 963. Now, obviously, the MDLEA is not listed among those statutes, and as a result – Why does it need to be in this case? These folks were indicted for violating Section 960B. They pled to violating 960B, and the judgment says they are adjudicated guilty of these offenses, one of which is violation of 960B. That – how is that – how can you be adjudicated guilty of an offense under 960B but not be guilty of an offense under 960B for the safety valve act? Well, the indictment lists and mentions 960B because under Elaine, the government has to – Let's go to the judgment. Okay, JA305. Defendant is – and it does this for all three of them – is adjudicated guilty of these three offenses. 46 U.S.C. 70503 and 70506, 21 U.S.C. 960B, and 18 U.S.C. 2. All three treated as substantive criminal offenses, and they are declared as a matter of United States law to be guilty of that offense, using the word offense. So how can that not be an offense under the safety valve act? Your Honor, the – and I'll – there's a few reasons why we don't think that that is determinative here. Number one being the language of the statute is what is determinative. The language requires an offense under – I'm just – put away MDLEA. The safety valve act says offense under 960 counts, correct? And the reason why – yes, an offense under 960 is among the offenses. And in our view, an offense under 960 is one of the offenses referenced in 960A. When you go to 960, that lists offenses. It's not an offense that is punished in accordance with the penalties. Does the safety valve act say 960A or 960? It says 960, Your Honor. Okay. And I can explain why. I'm just asking plain text. Well, for example, Your Honor, if that reading is correct, then there would be no reason for Congress to have listed 846. And here's why. 841 makes it unlawful to distribute or possess with the intent to distribute drugs. 846 says if you attempt or conspire to violate 841, then you are punished in accordance with the penalties that you would otherwise be subject to under 841. If the defense reading is correct, Congress had no reason to put in 846, right? Because it would mean they're subject to the penalties of 846. You know what? Congress can belt and suspend her all at once. What I'm saying is there's a safety valve act that says if you have committed an offense under 960, you get safety valve act. These three defendants were indicted for, pled guilty to, and convicted of, quote, offenses under 960. I just don't know why. Maybe, you know, maybe you shouldn't have phrased it that way. But that's what this record says. How do we extract ourselves? And you want us to say pay no attention to that offense under 960 for which they were convicted. Pay no attention to that because they were also convicted of MDLEA violations. Let me explain why 960 is listed in the indictment. Under Alain and Apprendi before, and as explained further in Alain, the government has to allege an indictment, drug quantity, in order for a defendant to be subject to mandatory minimum penalties. That was not the law at the time Congress passed. I get Alain. Again, does anything require you at the end of a plea agreement, a plea agreement to adjudicate them guilty of a violation of 960? If we want to trigger an offense. No, it's not an offense under 960. It's an offense under the MDLEA, and it's subject to the penalties of 960B, and we allege an amount as an element of the offense because we have to. Then how do you have a judgment that finds them guilty of both the offense of violating the MDLEA and the offense of violating 960? How can that judgment be accurate? Indictments are intended to provide. I'm talking about the judgment. The judgment. The judgment states. And the plea agreement says the same thing. Well, all these things are intended to give notice and establish that the defendant is subject to the mandatory minimum penalties that are triggered by drug quantity, but you have to look at the actual language of the safety valve to determine what. . . He let's see. . . 960. It lists 960 after the words, all in violation of. Why doesn't that make it an offense under or a recognition by the United States that you're charging an offense under 960? Because that's not how Congress uses or refers to the MDLEA. Never mind how Congress used it. You put it in the indictment. You or somebody in the U.S. Attorney's Office drew it that way. You took a plea to it that involved pleading to violation under or in violation of 960. Why aren't you charging a violation under 960? Well, we didn't have to use the language offenses under. We just had to provide notice that he's being charged. You used the language in violation of. Right. Your Honor. Why isn't in violation of a statute charging a violation under that statute? In our view, we're required to charge, to provide notice, and to plead guilty, the defendant's had to plead guilty to drug quantity in order under a lane to trigger the mandatory minimum sentences. A lane was decided well after. . . You had to charge that because it wouldn't have been that violation. Therefore, it shouldn't be. . . Whoa! Therefore, isn't it a violation under that statute if you have to charge it to charge what they did? It is not an offense under 960. As used in the safety. . . Tell me what you mean on that. I'm sorry. Go ahead. It seems to me that your textual argument, and, again, I'm not saying it's necessarily right or wrong, your textual argument is that the reference to 960 in the safety valve provision is actually a reference to 960A. Now, if that's true, then everything that's unfortunate for you that my colleagues have pointed out in terms of the indictment, the plea agreement, and the judgment doesn't matter because all those references are appropriately to 960B. And if the statutory reference to 960, in fact, is supposed to be a reference to 960A, then everything works out perfectly well. The safety valve would only apply to those offenses that are spelled out in 960A. The penalty that is set forth in 960B wouldn't matter. The unfortunate part of it is that the statute speaks in terms of 960, not 960A. So it seems like for you, for your argument to work, you'd have to persuade us that the reference to 960 in the safety valve provision, in fact, should be read as a reference to 960A, in which event that everything actually turns out to be okay, I think, because all the references and the case materials are to 960B. And here's why we think that's the case, because the statute refers to these various provisions, including 841, for example. 841A lists unlawful acts. 841B lists penalties. And for two reasons, that provision, when referring to 841, refers to offenses under 841A, not offenses punishable by 841B, because, number one, if it included offenses punishable by 841B, there would be no reason whatsoever to put 846 in. It would be purely additional, and you have to read statutes. I'm just trying to make clear that attempting conspiracy are also in. They're making clear that attempting conspiracy are also in. But you have to read statutes. Which are not in 841, right? But statutes have to be read as where every component of it actually functions in some manner. If, under their interpretation, the reference to 846 means nothing. And in addition, 841. You always have the argument with surplusage that they were making extra sure, and there's always a question about whether which party has the better canon in its favor. And you've got surplusage, and they would have. They're just making extra sure that attempts and conspiracies are covered. I'm not sure. And you talked about surplusage in the first HBY. And there are other indications as well, Your Honor. There are other indications as well. For example, the defense agrees that an offense under 860 is not. So can I ask you a question on that? So with 860, with an 860 prosecution, would the indictment talk about violating 841B? Would the indictment talk about? It would have to if it's going to trigger a mandatory minimum based on quantity, yes. Does it have to say violation? Because the 11th Circuit case said, phrased it in terms of a violation of substantive offense and to be penalized under. If the indictment said that, and then laid out, obviously, the drug and the amount as well, would that satisfy a lien? I don't think the indictment here had to say a violation of. It happened to say a violation of. All it had to do was provide notice. Yes. I'm asking you. Your defense seems to, one of your arguments seems to be that we have to say it that way because of a lien. But you don't have to say it that way. You could say it just the way the 11th Circuit said it and still comply with a lien, assuming we obviously did approve everything down the line. In an indictment, to trigger a mandatory minimum penalty, we don't have to say it's a violation of 841B or whatever the mandatory minimum provision is. We just have to provide notice that we're charging drug quantity. Exactly. When you say violation there, and for me what's more important than the indictment is the plea. And what's even more important than the plea, by the way, a lien not applying, is the offense. This is what they've been convicted of as a matter of U.S. law. And as to those in this case, maybe you don't do it in other cases. I don't know. But in this case, as to these defendants, they've clearly been convicted of an offense under 916. Your Honor, the language used in an indictment or a plea agreement does not shed light on what Congress intends in a statute. That doesn't mean it can't shed light on what governs in this case, counsel. We don't want it to be used that way. Don't draw them that way. I'm not sure what ambiguity are you relying? We have to have an ambiguous word. And when they say that offenses under 21 U.S.C. 960 get safety valve, what's the ambiguity that you're relying on for this interpretation? We don't think there's any ambiguity. We think the offenses under 960A. There's no ambiguity as to 960. Excuse me, Your Honor? There's no ambiguity that if you're convicted of an offense under 960, you get safety valve. And the offenses under 960, when you look to 960, are listed there. And 960A. 960A. So that's the argument that the reference to 960 is referring to the offenses spelled out in 960A, not the penalties spelled out in 960B. Right? That's what you're saying? Yes, because an offense under 960 are the unlawful acts under that statute, which are listed in A. With respect to my colleague's questions, with the way that the judgment is framed, the sentence, the document that ultimately tells the individuals, here's what you're being sentenced for having violated, and here's your sentence, is that something that's drawn up by the government? No. The judgments are, I believe, by the court or the clerk's office, as I understand it. And can I ask this question? Is, under your argument, the flexibility that the government would have with respect to the indictment and framing the plea agreement, which is within the government's control, even if the framing of the ultimate judgment is not? With respect to those, if you have flexibility to articulate it in the way that Judge Millett was outlining under the kind of framework laid out in the Eleventh Circuit decision, is there a difference on whether you could do that in this case as opposed to in an 860 case? Did both statutes, does the MDLEA work the same way as an 860 case with respect to the framing of the indictment and the plea agreement? No, I think that if the government wanted to charge drug quantity in order to trigger a mandatory minimum sentence when charging either 860 or a violation of the MDLEA, the government could use the exact same language. It just has to provide notice that we're charging drug quantity and that it triggers this mandatory minimum, so that the defendant can defend it against it and then it has to be found without reasonable doubt by a jury or plead guilty to it by the defendant. There's no difference in language we would have to use under either statute. Now, another factor that's present is that Congress commonly refers to the MDLEA in other statutes, including other sentencing statutes. Under the Armed Career Criminal Act, which creates an enhanced sentence for individuals convicted of being a felon in possession of a firearm, the Armed Career Criminal Act establishes a 15-year mandatory minimum if the defendant has three prior So Congress definitely could have made it easier by specifically referring to the MDLEA. I don't think anybody could dispute that. Just the question is, even though they didn't, does this still operate in the way that you say it does? Well, we think Congress would have, and Congress did, in fact, in the crime bill that the safety valve was a part of. Congress did, in another provision, specifically refer to the MDLEA. So it knew how to do it. It would have done it here. It didn't do it. And for those reasons, the safety valve eligibility is not present here. Unless the Court has any additional questions, we'd ask you to affirm. Thank you. Thank you. We'll give you three minutes in light of how long we've gone so far. Thanks. I wanted to briefly address Your Honor's question, or I wanted to start first with the jurisdiction argument, and then I'll talk about the safety valve. But Your Honor asked whether extradition could suffice to protect foreign nations' interests. And I think as Your Honor's questions were sort of getting at, to the extent we're talking about people on the boat, absolutely extradition would not provide any protection as to those people. If Columbia had said, we consent to the vote, we deny consent as to anyone on the boat, under the government's theory, apparently the United States would still be able to deem the vessel subject to the jurisdiction of the United States. For purposes of those people's prosecution, an extradition would do nothing to protect them. I wanted to respond briefly to Judge Sentelle to clarify my answer. Earlier, I think there's a difference between a factual inquiry and the legal inquiry that my colleague is talking about. If the Court were to rule as a matter of law that consent as to the vessel operates as to everyone, then yes, we would lose. If you're with me that that's not true, then no, consent to the vessel absolutely does not operate as to consent to appellants. And for purposes of this prosecution, the boat would not be a vessel subject to the jurisdiction of the United States, even though it would in other cases. I wanted to address Judge Srinivasan. You mentioned Miranda. In that case, the boat was a stateless vessel, and that's why it was subject to the jurisdiction of the United States. It didn't involve consent. So I don't think that guides us here. We have had cases before that involved co-conspirators who were not on the vessel. That's correct. And in a case where the boat is subject to the jurisdiction on a different basis, it wouldn't matter whether a foreign nation had consented. So if it's stateless, the vessel's character doesn't change. But here, where it depends on consent, it would change, or it would depend on what the consent was. And I don't think this Court has seen any cases like this. Also, I wanted to mention Article 16. My colleague mentioned he thinks that Article 16 grants consent as a matter of right. But actually, Article 16 corroborates our interpretation of the certification, which is that consent only extended to people that the United States encountered at sea. There's an exception that allows the United States to enforce its own law only as to people it encountered at sea who engaged in unlawful acts if the United States previously initiated a criminal proceeding. Even if that's true for people on board, it is obviously not true for people not on board. So Article 16 does not grant consent. Your Honor also mentioned the United States' reference that the government determined the boat is subject to the jurisdiction of the United States. The conclusive proof requirement applies to the consent. It does not apply to the government's determination about whether the boat is subject to the jurisdiction of the United States. So I think the key operative language in the certification is about the scope of Columbia's consent, which refers to the people on board and not the subsequent determination by the United States as to the vessel. If I may address the safety valve briefly, my colleague mentioned that 846 is redundant. Now I agree with Judge Millett that insofar as you agree, it's just a belt and suspenders type situation, but I don't think it's redundant, and I would be happy to explain why, but it is very complicated. I would be happy to do that in a letter. I'd like to hear it. Well, how long is your complicated answer? Probably a couple of minutes. Go ahead. Okay. I don't think 846 is redundant, but I think that it depends on how you read the interaction between the safety valve and 846. So if you understand the safety valve's express reference to 846 as declaring that all conspiracies and all attempts are eligible for safety valve relief, which I think is the best reading of the statute, then it's absolutely not redundant because 846 creates an entire class of conspiracies and offenses that were not otherwise eligible for relief that now are. Now, alternatively, the court could read the reference to 846 or read the interaction between the safety valve and 846 to say that only offenses that would otherwise be eligible for safety valve relief, only conspiracies for which the substantive offense would be eligible for safety valve relief, are eligible for safety valve relief. Now, if the court did that, that would necessarily be, or that must be, the only basis on which the court could do that is 846 says that the conspiracy shall be punished, shall be subject to the same penalty as provided for the substantive offense. In other words, the court would have to be declaring that safety valve eligibility or ineligibility is part of the penalty for the substantive offense. And if the court takes that view, then two things. First of all, the safety valve's reference to 846 is redundant in that case anyway because the conspiracy should already be subject to safety valve eligibility or ineligibility based on the substantive offense. And also, I think it supports Appellant's argument that part of the penalty for a substantive offense is eligibility or ineligibility for safety valve relief. That is, in the MDLEA, when 70506 and 70503 effectively say that they will be punished as provided in 960, that means that it incorporates the safety valve eligibility or ineligibility for that offense. Can I just add one other thing? So in L.E.A., the Supreme Court said when you have these factors that trigger a mandatory minimum that effectively what you have is a distinct and aggravated crime. And so what I'm having a little trouble understanding is putting aside how this one was charged and the judgment of offense is written. In a case like this where two statutes are working together, what are the drug amount and the drugs? What is the distinct and aggravated crime that we have here? Is it an MDLEA 960B blend? I think it's sort of a metaphysical question in a sense about whether a crime exists with or without a punishment. But I think I would answer the question no, that it needs to include a punishment. And I would say that the crime is under both the MDLEA and 960. And there's a series of aggravating offenses. Subsection B has an escalating basically table of drug quantities and the corresponding penalties. I believe the third subsection of subsection B has no quantity. So that would be in a sense the non-aggravated offense. And the offense with which we were charged and pleaded guilty is the most aggravated of the offenses. If the court has no further questions, I ask that the court vacate the conviction. Thank you, counsels. The case is submitted.
judges: Srinivasan, Millett, Sentelle